## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL GEORGE,** | ) | Case No. _8:05CV170_ |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **THE UNION PACIFIC RAILROAD** | ) | |
| **COMPANY,** | ) | |
| **Defendant.** | ) | |
| | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO: The Honorable Judge of this Court:**  Michael George, Plaintiff, complaining of the Union Pacific Railroad Company, Defendant, shows this Honorable Court the following:

### I

### PARTIES

Michael George is a resident of Grand Island, Nebraska.  At all times material to the claims asserted herein, Plaintiff was employed by Defendant in a capacity that substantially affected interstate commerce. Defendant is a common carrier by rail, incorporated in a foreign jurisdiction, doing business in and through the State of Nebraska.

### II

### JURISDICTION

Jurisdiction is vested in this Court by 45 U.S.C. § 51, *et seq.*, commonly known as the FEDERAL EMPLOYERS' LIABILITY ACT.  The provisions of this Act control the rights and liabilities of the parties.  Plaintiff avails himself of the rights, benefits, and immunities afforded to him by this statute.

### III

### FACTS

During the entire course of his employment with the Defendant, while working as a Locomotive Engineer under the direct control of Defendant's agents, servants, borrowed servants, and employees, Plaintiff sustained a severe injury to his knees, lower back, and lower extremities as a result of traumatic and cumulative traumatic injury he received over the numerous years of his employment with the Defendant. These injuries were caused by excessive and hazardous vibration, lateral movements which occasioned flexion and extension motions of the Plaintiff's neck, poorly maintained locomotives, and ineffective locomotive seats. A simple job risk analysis performed by the Defendant would have revealed the defects, hazards, and inefficiencies in the Plaintiff's workplace.  The Plaintiff was unaware of his latent, progressive, cumulative traumatic condition until a time less than three years before the filing of this action.

### IV

### A. NEGLIGENCE

Throughout the entire time of the Plaintiff's employment, the Defendant, acting by or through its officials, agents, servants, borrowed servants, and employees, was negligent in causing the Plaintiff's injury, in whole or in part, in the following particulars:

a)    Defendant failed to provide Plaintiff with a reasonably safe place to work;

b)    Defendant failed to provide Plaintiff with safe and proper equipment and appliances with which to perform his work, including proper and adequate locomotives and locomotive appurtenances with which to work;

c)    Defendant failed to properly supervise the Plaintiff in the performance of his work;

d)    Defendant improperly rushed Plaintiff to complete his work such that Plaintiff was required to work in an unsafe manner;

e)      Defendant allowed unsafe work practices to become standard work practices in that they consistently required the Plaintiff to work on locomotives which had improper seating, excessive vibration, excessive lateral movement, excessive vibration to the Plaintiff's entire body, and were improperly or inadequately maintained;

f)      Defendant assigned Plaintiff to work in a situation or condition, which it knew, or in the exercise of reasonable care should have known, was likely to cause Plaintiff injury or to aggravate a prior injury or condition;

g)      Defendant failed to provide an adequate warning to the Plaintiff that the manner in which he was required to work placed him at risk for bodily injury;

h)      Defendant failed to maintain its diesel locomotives in such a manner that it was available and useful to the Plaintiff in the performance of his work;

i)      Defendant required the Plaintiff to repeatedly work in awkward, unsafe, and injurious positions;

j)      The Defendant caused the Plaintiff to work in such a manner that the Plaintiff was required to experience constant excessive vibration, to sit without proper variations in his position and to work in an awkward, bent position without relief such that the Plaintiff's body was caused to degenerate over time more quickly than would be expected through the process of aging alone, leading to the injuries complained of herein;

k)      The Defendant violated its non-delegable duty not to expose the Plaintiff to unreasonable risks of harm, including its duty not to assign him to work beyond his capacity, and which it knew or should have know would cause him injury;

l)      Defendant negligently assigned the Plaintiff to work duties requiring awkward and repetitive body positioning in the presence of excessive vibration to his whole body when it knew or should have known such duties exposed the Plaintiff to an unreasonable risk of harm;

m)      Defendant negligently assigned the Plaintiff to perform work beyond his physical capacity;

n)      Defendant negligently assigned the Plaintiff to work duties that it knew or should have known would or could aggravate his pre-existing conditions, if any such conditions were indeed present;

o)   Defendant negligently failed to place continual reasonable work restrictions on the Plaintiff or transfer him to a less dangerous and strenuous position;

p)   Defendant negligently failed to perform an adequate number of physical examinations of the Plaintiff;

q)   Defendant negligently failed to conduct physical examinations of the Plaintiff with the reasonable care necessary to determine the fitness of the Plaintiff to perform the job duties to which he was assigned and to determine whether or not the duties to which he was assigned were causing injuries to his body; and,

r)   Defendant failed to conduct, or failed to timely conduct, job hazard analyses on the types of work it required the Plaintiff to perform.

## B. Negligence *Per Se*

### a) The Locomotive Inspection Act

The Defendant violated the requirements of the Locomotive Inspection Act, 49 U.S.C. § 20701 *et. seq.*, by failing to keep its locomotives and all parts and appurtenances thereof, in proper condition such that they were safe to operate without unnecessary danger of personal injury. The locomotives had not been inspected or maintained as required under this Act. They were unable to withstand every test prescribed by the Secretary of Transportation as required by this chapter.

Furthermore, at the time of the Plaintiff's injuries, the locomotives were "in use" as contemplated under this Act.

The Plaintiff's injuries as described herein proximately resulted from the Defendant's violation of the Act. This violation subjects the Defendant to liability *per se* and absolves the Plaintiff from any negligence of his own which may have contributed to his injuries.

### b) OSHA'S General Duty Clause

Defendant violated the "General Duty Clause" of the 1971 OSHA Act that requires the Defendant to provide the Plaintiff with a reasonably safe place to work. This violation

4

proximately caused the Plaintiff's injuries as described herein and subjects this Defendant to liability *per se* for the Plaintiff's injuries.

### c) 49 C.F.R. § 240.123

At all material times the Defendant was obliged to abide by this regulation of the United States Department of Transportation which provides,

(a) Each railroad's program shall include criteria and procedures for implementing this section.

(b) A railroad shall provide for the continuing education of certified locomotive engineers to ensure that each engineer maintains the necessary knowledge, skill and ability concerning personal safety, operating rules and practices, mechanical condition of equipment, methods of safe train handling (including familiarity with physical characteristics as determined by a qualified Designated Supervisor of Locomotive Engineers), and relevant Federal Safety Rules.

(c) A railroad that elects to train a previously untrained person to be a Locomotive Engineer shall provide initial training which, at a minimum:

(1) Is composed of classroom, skill performance, and familiarization with physical characteristics components;

(2) Includes both knowledge and performance skill testing;

(3) Is conducted under the supervision of a qualified class instructor;

(4) Is subdivided into segments or periods of appropriate duration to effectively cover the following subject matter areas:

(i) Personal safety....

# V

## CAUSATION

As a direct and proximate result of the negligence and negligence *per se* of the Defendant, Plaintiff suffered the severe and permanent injuries to his body as described herein.

# VI

## DAMAGES

Prior to his injuries, Plaintiff was a strong and able-bodied man who fully performed his assignments as required by Defendant. Plaintiff is unaware of any weaknesses or infirmities that were present before his injury, but if any were present, the Defendant's negligence caused them to be activated by the trauma to Plaintiff's body. Because of the Defendant's negligence, Plaintiff has suffered and will continue to suffer damages in the following particulars:

    a)    Plaintiff has undergone medical treatment in the past;

    b)    Plaintiff will, in reasonable probability, undergo medical treatment in the future;

    c)    Plaintiff has sustained physical pain and suffering in the past;

    d)    Plaintiff will, in reasonable probability, experience physical pain and suffering for an indefinite time into the future;

    e)    Plaintiff has sustained mental and emotional pain and suffering in the past;

    f)    Plaintiff will, in reasonable probability, continue to suffer mental and emotional pain and suffering for an indefinite time into the future;

    g)    Plaintiff has incurred medical bills in the past, including prescription drugs and appliances as needed for treatment of his injuries;

    h)    Plaintiff will, in reasonable probability, continue to incur medical bills for an indefinite time into the future;

    i)    Plaintiff has sustained lost benefits and lost wages in the past the amount of which will be calculated and presented at trial;

j)    Plaintiff will, in reasonable probability, continue to suffer lost benefits and lost wages over his future work life the amount of which will be calculated and presented at trial;

k)    Plaintiff has sustained a permanent decrease in his ability to earn wages the amount of which will be calculated and presented at trial; and

l)    Plaintiff has incurred costs and expenses to maintain this action, which he is entitled to recover.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays the Defendant be cited to appear and answer herein; that upon final trial of his cause, Plaintiff have judgment against the Defendant for Plaintiff's damages in an amount not less than One Million Dollars; court costs; and, other relief, both general and special, at law and in equity to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

Martin E. Jackson,
The Law Offices of Martin E. Jackson, P.C.
Colorado State Bar No. 31771
P.O. Box 862
Conifer, Colorado
80433
(303)816-5714 Telephone
(303)816-5717 Facsimile
martyjackson@qwest.net

ATTORNEY FOR PLAINTIFF
Michael George

7